Case 3:20-cv-00200   Document 22   Filed on 09/02/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MAURO CASTANEDA PALACIO, | § | |
| TDCJ # 02271249, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-cv-200 |
| | § | |
| UNKNOWN PARTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

Plaintiff Mauro Castaneda Palacio, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Pending before the court are two motions for a temporary restraining order (Dkts. 9, 15) and two motions requesting leave to file an amended complaint (Dkt. 19, 20). The court will address the motions briefly below.

**A.     Motion for Leave to Filed Amended Complaint**

Palacio has filed two motions for leave to file an amended complaint. The proposed amended complaint (Dkt. 19-1), which is attached to the motion for leave to amend (Dkt. 19), seeks to add M. Spears, the chaplain at the Ramsey Unit—the unit where Palacio is currently incarcerated—as a defendant. Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court must have a "substantial reason" to deny a request for leave to amend. *Stem v. Gomez*, 813 F.3d

205, 215 (5th Cir. 2016) (citation omitted). Leave to amend, however, is not automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court[.]" *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (internal citation and quotation marks omitted). When deciding whether to grant or deny leave to amend, a district court "should consider factors such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'" *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466–67 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).

Under these circumstances, where Palacio has sought leave to amend early in the case and no defendants have been served, the court, in the interests of justice, will grant his request for leave to file an amended petition. *See In re Am. Int'l Refinery, Inc.*, 676 F.3d at 466–67.

### B. <u>Motion for a Temporary Restraining Order</u>

In this lawsuit (Dkt. 19-1), Palacio alleges that defendants are denying him a Kosher diet, Torah, and Jewish religious services in violation of his constitutional rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Palacio has filed two motions for a temporary restraining order (Dkts. 9, 15).[1] In his motion, Palacio alleges that

---

[1] Aside from the date each motion was executed, the two motions for a temporary restraining order appear to be identical. Accordingly, the court will refer to the "motions" in the singular and citations to the record will be only to the first-filed motion (Dkt. 9).

"he is being provided with meals that are not Kosher certified, that tables, food trays, utensils and casseroles are contaminated with pork and other animals blood, and that a Torah and Jewish services are not available due to defendants view of Palacio's religion as 'other faith'" (Dkt. 9, at 3). Palacio also appears to assert that the Jewish services offered by TDCJ are unsatisfactory, as he "only recognizes the authority of the two chief rabbis in Israel, and the chief rabbis in France and Great Britain" (*id.* at 4). As relief, Palacio requests that defendants provide him with daily certified Kosher meals that contain at least 2600 calories, two gallons of purified water, Styrofoam containers, cups and disposable utensils, a Torah (English and Hebrew language), and a facility for Jewish Holy Days, which includes a weekly Sabbath (*id.* at 5).

Rule 65 of the Federal Rules of Civil Procedure governs the granting of preliminary injunctions and temporary restraining orders. Because the relief Palacio seeks, if granted, would presumably exceed the 14-day limit in Rule 65(b)(2), his "motion [is] in effect a motion for [a] preliminary injunction[.]" *Dixon v. Vanderbilt*, 122 F. App'x 694, 695 (5th Cir. 2004) (per curiam); *see also United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 789 (5th Cir. 2006) ("An ex parte order that purports to be of indefinite duration is a preliminary injunction rather than a temporary restraining order.") (citing *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 130 n.5 (5th Cir. 1990)). Under Rule 65(a)(1), no preliminary injunction may be issued unless the adverse party has notice. *See Harris Cnty., Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) (commenting that Rule 65(a)(1)'s "notice requirement necessarily requires that the party opposing the

preliminary injunction has the opportunity to be heard and to present evidence"). "Compliance with Rule 65(a)(1) is mandatory." *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992) (citing *Phillips*, 894 F.2d at 130).[2]

A preliminary injunction "is typically granted during the pendency of a lawsuit to prevent irreparable injury that may result before a final decision on the merits." *Shanks v. City of Dallas, Tex.*, 752 F.2d 1092, 1096 (5th Cir. 1985). A plaintiff seeking a preliminary injunction or temporary restraining order must establish (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (citations omitted). The Fifth Circuit has cautioned that a preliminary injunction "is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Defense Distributed v. U.S. Dep't of State*, 838 F.3d 451, 457 (5th Cir. 2016) (internal quotation marks and citations omitted).

Moreover, because Palacio is a prisoner who is challenging his conditions of confinement, his request for injunctive relief is also governed by the Prison Litigation

---

[2] A temporary restraining order may be granted without notice only if the requesting party makes a clear showing that immediate and irreparable injury, loss, or damage may occur and that efforts have been expended to give notice to the adverse party. *See* Fed. R. Civ. P. 65(b). Furthermore, the requesting party must give security in the amount the court deems proper, unless the party is the United States or one of its officers or agencies. *See* Fed. R. Civ. P. 65(c).

Reform Act ("PLRA"), 18 U.S.C. § 3626.  The PLRA limits a court's ability to fashion injunctive relief.  Before a district court can award preliminary injunctive relief, it must find that such relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and [is] the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  The PLRA further instructs that the court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief[.]" *Id.*

RLUIPA provides that the government shall not "impose a substantial burden on the religious exercise of a person residing in or confined to an institution" unless the burden furthers "a compelling governmental interest" and does so by the "least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)–(2).  To demonstrate a claim under RLUIPA, a plaintiff must produce prima facie evidence that defendants substantially burdened his exercise of religion.  42 U.S.C. § 2000cc-2(b); *Adkins v. Kaspar*, 393 F.3d 559, 567 (5th Cir. 2004).  The Fifth Circuit has explained that "a government action or regulation creates a 'substantial burden' on a religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Adkins*, 393 F.3d at 570.  Additionally, it "is well established that inmates retain their First Amendment right to exercise religion; however, this right is subject to reasonable restrictions and limitations necessitated by penological goals." *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995) (citations omitted).

The court has carefully considered the pleadings and the motion. Based on this record, the court concludes that Palacio has not clearly carried his burden of persuasion. In particular, the first element required for preliminary injunctive relief has not been satisfied because—at this juncture, where defendants have not been served and no discovery has taken place—difficult questions of law and fact create sufficient doubt regarding the probability of success on the merits. At this stage of the litigation, the court is still screening the complaint as required by the PLRA. *See* 18 U.S.C. §§ 1915(e)(2)(B), 1915A. The brief allegations contained in the complaint require additional development before defendants can be served. Moreover, on this record, the court cannot conclude that the injunctive relief sought by Palacio is the least intrusive means necessary to correct any alleged harm, as required by the PLRA. *See* 18 U.S.C. § 3626(a)(2).[3] Nor is the court yet able to determine to what degree the requested injunctive relief might adversely impact the operations of TDCJ. *See id.*

Accordingly, for these reasons, Palacio's motions for a temporary restraining order (Dkts. 9, 15) are **DENIED** at this time. Following discovery and further development of

---

[3] In his amended complaint, Palacio names the following defendants: (1) M. Spears, the chaplain at the Ramsey Unit; (2) U. Jonah, the chaplain at the Wayne Scott Unit; (3) the unnamed chaplain at the Byrd Unit; and (4) M. Lewandoski, a TDCJ program supervisor in Huntsville (*see* Dkt. 19-1). In his motion for injunctive relief, Palacio apparently seeks relief from all of the defendants, even though he is currently incarcerated at the Ramsey Unit. It would be improper for the court to order Palacio's requested preliminary injunctive relief from defendants who do not work at the unit where Palacio is currently confined.

the issues in this case, the court will be in a better position to consider whether the injunctive relief sought by Palacio is warranted.

### C. Conclusion

1. Palacio's motion for leave to file an amended complaint (Dkt. 19) is **GRANTED**. **The clerk is instructed to docket the amended complaint (Dkt. 19-1) as the next entry on the court's docket**. The second motion for leave to amend the complaint (Dkt. 20) is **DENIED as moot**.

2. Palacio's motions for a temporary restraining order (Dkts. 9, 15) are **DENIED** at this time.

Signed on Galveston Island this 2nd day of September, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE